IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES PRYOR,

    Petitioner,                              No. CIV S-06-2635 FCD DAD P

    vs.

ROBERT A. HOREL, Warden,         <u>ORDER AND</u>

    Respondent.                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 27, 2007, the undersigned ordered respondent to respond to the petition. On September 26, 2007, respondent filed a motion to dismiss arguing that petitioner's habeas petition is time-barred and fails to state any claims properly subject to federal review. Petitioner has not filed any opposition to the motion.[1]

**BACKGROUND**

        Petitioner challenges the 2003 decision by the Board of Parole Hearings (hereinafter "Board") to deny him parole. (Am. Pet. at 4, Exs. A & B; Resp't's Mot. to Dismiss,

---

[1] On November 13, 2007, the court ordered petitioner to file his opposition to respondent's motion within thirty days. Petitioner has not complied with the court's order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

Ex. 1.) Petitioner contends that, when he appeared before the Board, he met ninety-nine percent of all of the Board's previous recommendations and the criteria for parole, but was denied parole based on the nature of his commitment offense. (Am. Pet. at 5.) Petitioner contends that the Board's 2003 decision denied him his liberty interest in parole in violation of the state and federal constitution. (Id. at 4-10.) Petitioner also contends that the Board has effectively altered his sentence of life with the possibility of parole to a sentence resembling a sentence of life without the possibility of parole in violation of the Ex Post Facto Clause. (Id. at 17-21.)

On June 29, 2005, petitioner filed his first and only state petition for writ of habeas corpus in the California Supreme Court. (Resp't's Mot. to Dismiss, Ex. 2.) On March 22, 2006, the California Supreme Court denied the petition with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998), In re Rosenkrantz, 29 Cal. 4th 616 (2002), and In re Dannenberg, 34 Cal. 4th 1061 (2005). (Id. Ex. 2.) On May 18, 2006, petitioner, along with thirty-one other state prisoners, filed a petition for a writ of habeas corpus in this court. On November 22, 2006, Magistrate Judge John F. Moulds severed the matter and granted each inmate thirty days to file an amended petition. On February 8, 2007, petitioner filed the instant amended petition.

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss arguing that: (1) petitioner's habeas petition is time-barred; (2) his claim that the Board is required to fix his release date is not a cognizable federal claim; and (3) petitioner Ex Post Facto claim is also not cognizable.

First, respondent contends that AEDPA applies to the instant petition, filed on May 18, 2006. (Resp't's Mot. to Dismiss at 4.) Respondent asserts that petitioner filed the instant petition beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d). (Id. at 4-5.) Respondent argues that petitioner had one year to file his federal habeas petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, petitioner appeared before the Board on February 27, 2003, and there is no evidence that petitioner appealed the

1 Board's decision. (Id.) As such, respondent suggests that petitioner had one year from the
2 Board's decision at his hearing on February 27, 2003 to file his federal habeas petition. (Id.)

3       Respondent acknowledges that the time during which a properly filed application
4 for state post-conviction or other collateral review with respect to the pertinent judgment or claim
5 is pending shall not be counted toward the limitation period under AEDPA. (Resp't's Mot. to
6 Dismiss at 5.) However, in this case, respondent notes that petitioner waited more than two years
7 after the Board's decision to file his petition for writ of habeas corpus in the California Supreme
8 Court on June 29, 2005. (Id. at 4.) Moreover, respondent contends that a state petition may only
9 toll the statute of limitations if the petition is timely filed. (Id.) Here, the California Supreme
10 Court denied petitioner's application for relief as untimely. (Id.) Without the benefit of statutory
11 tolling, respondent argues that petitioner filed his federal petition well beyond the one-year
12 statute of limitations. Accordingly, respondent concludes that any claim challenging the Board's
13 2003 decision must be dismissed as untimely.

14       Respondent also argues that there is no basis for federal review of petitioner's
15 claim that the Board is required to fix his release date. (Resp't's Mot. to Dismiss at 5.)
16 Petitioner was sentenced to a term of imprisonment of fifteen years to life plus two years.
17 Petitioner generally alleges that California law requires respondent to fix his term under state law
18 and release him on parole at the expiration of his fixed term. (Id.) Respondent contends that,
19 because this claim is based solely on an interpretation of state law, there is no basis for federal
20 habeas review.

21       Finally, respondent argues that the Ninth Circuit has specifically rejected
22 petitioner's Ex Post Facto Clause claim in Connor v. Estelle, 981 F.2d 1032, 1034 (9th Cir.
23 1992). (Resp't's Mot. to Dismiss at 5.)
24 /////
25 /////
26 /////

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The AEDPA one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II. <u>Application of § 2244(d)(1)(D)</u>

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted).

See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run the day after "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In Redd, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." Redd, 343 F.3d at 1080. The Ninth Circuit affirmed, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." Redd, 343 F.3d at 1082. The Ninth Circuit concluded:

> We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

Id.

The Ninth Circuit also noted in Redd that four other federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. Id. at 1082 n.8 (citing Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit observed that three of those four

/////

courts had determined that the AEDPA statute of limitations begins running in such cases on the date the administrative decision becomes final. Id. at 1084 (citing Wade, Cook, and Burger).[2]

Subsequently, the Ninth Circuit decided in Shelby what it had assumed in Redd:

> § 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges a pertinent administrative decision rather than a state court judgment.

Shelby, 391 F.3d at 1062-63 (citation omitted). In Shelby, the Ninth Circuit again cited the decisions in Cook, Wade, and Kimbrell, finding them consistent with the language of AEDPA, rules of statutory construction, and purposes of the AEDPA. Id. at 1063. The court considered and rejected the Seventh Circuit's rule that the limitation period does not apply to petitions contesting administrative decisions. Id. at 1063-65 (discussing Cox v. McBride, 279 F.3d 492, 493-94 (7th Cir. 2002)). The Ninth Circuit then affirmed the dismissal of Shelby's habeas petition as untimely because he had challenged a prison disciplinary decision that resulted in loss of good time credits but failed to file his federal petition within a year after his administrative appeal was denied. Id. at 1062.

In Shelby, it was undisputed that the petitioner's disciplinary decision became final on July 12, 2001, and the district court therefore concluded that the petitioner had until July 12, 2002, to file his federal habeas petition. Id. at 1065-66. On appeal, the petitioner argued that, if the one-year statute of limitations applied, his case should be remanded for a finding as to the date he discovered or could have discovered the agency's final action. Id. 1066. The court concluded that "[h]ere, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary." Id. On that record, the Ninth Circuit held that the petitioner's statute of limitations began to run

---

[2] Only the Fifth Circuit has held that the limitations period begins to run "when the initial administrative decision is made, before any administrative appeals." Redd, 343 F.3d at 1084 n.11 (citing Kimbrell, 311 F.3d at 363-64).

1  on July 13, 2001, and expired on July 12, 2002, almost six months before he filed his federal
2  habeas petition.  Id.

3  Applying the holdings of Shelby and Redd, as is required, this court must
4  determine when petitioner could have learned of the factual basis for his claims through the
5  exercise of due diligence.  See Shelby, 391 F.3d at 106; Redd, 343 F.3d at 1082 & 1084.  The
6  "factual predicate" for habeas challenges of parole board decisions is the day the administrative
7  decision becomes final, subject to the petitioner receiving proper notice.  Shelby, 391 F.3d at
8  1066; Redd, 343 F.3d at 1084; Burger, 317 F.3d at 1138.

9  In this case, the Board conducted petitioner's parole hearing on February 27, 2003
10 and found petitioner unsuitable for parole.  The "final date of decision" listed on the parole
11 hearing transcript, however, is May 28, 2003.  (Resp't's Mot. to Dismiss at Ex. 1.)  At that time,
12 petitioner had ninety days from the "final date of decision" to appeal the Board's decision.  See
13 Cal. Code Regs., tit. 15 § 2052(c).  However, petitioner never filed the appropriate BPT 1040
14 form or sought to appeal from the Board's decision in any way.  Accordingly, the court finds that,
15 August 26, 2003, ninety days from the Board's "final date of decision," is the latest "date on
16 which the factual predicate of the claim or claims presented could have been discovered."  28
17 U.S.C. § 2244(d)(1)(D).  Petitioner, having not directly addressed this issue in his petition and
18 having not filed an opposition to respondent's motion to dismiss, does not offer any evidence that
19 he learned of the "factual predicate" of his claims any later than the date of August 26, 2003.[3]
20 Absent any tolling, petitioner had one year from August 27, 2003, to file his federal petition.  Cf.
21 /////

---

[3] In fact, in petitioner's petition for writ of habeas corpus to the California Supreme Court, petitioner appears to acknowledge that he did not file the appropriate BPT 1040 appeal or exhaust his administrative remedies. Question 11 on the form petition states in part: "Explain what administrative review you sought or explain why you did not seek such review." Petitioner responded: "With the abolishment of the 1040 Administrative Appeal Process for life prisoners the Court is the first level of exhaustion and this appeal is being made to the highest State Supreme Court as having the body of Petitioner on Habeas Corpus." (Resp't's Mot. to Dismiss, Ex. 2.)

1  Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of
2  denial of appeal); Redd, 343 F.3d at 1082 (same).

III. Application of § 2244(d)(2)

As respondent recognizes, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" in determining whether a petition is timely under the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, the AEDPA statute of limitations began running on August 27, 2003. Petitioner did not file his state habeas petition with the California Supreme Court until June 29, 2005, almost two years after the AEDPA's limitations period had expired. Section 2244(d) does not permit the revival or reinitiation of the AEDPA's limitations period if it expires before petitioner files his state habeas petition. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, under these circumstances, the court finds that petitioner's federal petition is time-barred. Respondent's motion to dismiss should therefore be granted, and this action should be dismissed with prejudice.[4]

/////

---

[4] The court need not address respondent's arguments regarding petitioner's alleged failure to state cognizable claims under § 2254 given the court's recommendation that the petition be dismissed as time-barred.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to amend the docket to reflect that petitioner's last name is spelled Pryor, not Prayor; and

IT IS HEREBY RECOMMENDED that respondent's September 26, 2007 motion to dismiss the petition as barred by the statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pryo2635.157

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to amend the docket to reflect that petitioner's last name is spelled Pryor, not Prayor; and

IT IS HEREBY RECOMMENDED that respondent's September 26, 2007 motion to dismiss the petition as barred by the statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pryo2635.157